Fraucis X. Cowlon, J.
Plaintiff moves for summary judgment against the defendant Max Rudolph. The action is on a written guarantee with respect to the obligations of the principal debtor to the plaintiff factor. The guarantee is in the following-language :
“ In order to induce you to enter into a contract dated January 23,1959 with your client United States Pool Corporation and/or in consideration of your having done so, and/or to continue under your present arrangement with it or any modification or amendment thereof, and in consideration of your so doing, we agree that we shall each be liable, jointly, with such client, its 'successors or assigns, and severally, to you for the due performance of all its or their contracts with you and for the payment to you as due of any and all sums which may be or shall become due and owing to you from such client. We unconditionally guarantee to you due payment and performance by your *671 client of all obligations assumed by them pursuant to their contract with you. This liability shall include but not be limited to any and all sums due or to become due under the aforementioned contract, by way of overdraft or otherwise, as well as any and all other sums (sic) or to become due, whether or not such indebtedness shall arise under any contract or shall be represented by or payable under instruments of indebtedness. We hereby waive notice of default, trial by jury, demand of payment and notice of protest or dishonor of or upon any and all instruments or contracts upon which liability is hereby assumed. No notice of amendment or modification of any such instrument or contract need be given to us.”
“We understand this liability is primary and enforceable without prior resort to the client or to any security or to the obligation of any other person held by you, and it shall not be affected by any forbearance, extension, settlement of composition made or entered into by you with the client or any guarantor of its account with you, or any other person.”
Several defenses are alleged in the answer of the defendant, Max Rudolph, and in his opposing affidavit he purports to support only one of them. That alleged defense is based on a further provision of a written guarantee "which is as follows: ‘£ Anything herein to the contrary notwithstanding the liability of Max Rudolph under this guaranty shall not exceed 50% of the obligations or liability to you of United States Pool Corporation pursuant to said contract and upon which said United States Pool Corporation shall be in default.”
The written guarantee was executed and delivered when the original agreement referred to in the guarantee and dated January 23, 1959 was made between the principal debtor and the plaintiff. By his agreement, however, the defendant undertook to guarantee the payment of all obligations running from the principal debtor to the plaintiff, and the portion of the guarantee relied on served to cut down the extent of the guarantee with respect only to those obligations of the principal debtor arising directly under the debtor’s contract with the plaintiff of January 23, 1959. The limitation is unambiguous and restricted exclusively to the January 23, 1959 agreement, and does not relate to obligations arising and owing from the principal debtor to plaintiff outside the basic agreement of January 23, 1959. No triable issue is raised. The motion is granted.