■　NEW YORK FACTORS, INC., Respondent, v. JEROME Y. RUDOLPH, Defendant, and MAX RUDOLPH, Appellant.— Judgment in favor of plaintiff unanimously reversed and vacated and the order entered November 24, 1961, granting plaintiff's motion for summary judgment, modified, on the law and the facts, and plaintiff's motion is granted to the extent of awarding partial summary judgment on the contract of June 23, 1959 and ordering an assessment of damages thereon, and otherwise denied, with costs to appellant. There are triable issues of fact which can only be resolved on a trial, particularly the issue as to the effect of the clause in the guarantee limiting liability to 50% of the obligations of the corporation "pursuant to said contract." That provision requires clarification as to the intention of the parties. A bona fide issue is presented as to whether the guarantor's liability was to be limited to 50% of the transaction covered by the first factoring agreement with the corporation or was to extend as well to the subsequent agreements and also to the $50,000 loaned to the corporation in the Summer of 1959. The ambiguity cannot be resolved on affidavits alone. However, there is no bona fide dispute as to appellant's liability for 50% of the amount owed by the corporation to plaintiff under the first factoring agreement. Plaintiff should therefore have partial summary judgment for the amount due under the first contract, such amount to be determined upon assessment. Settle order on notice. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ. [31 Misc 2d 670.]

■　THE PEOPLE OF THE STATE OF NEW YORK v. VINCENT JOSEPH SPANO.— Motion for leave to reinstate appeal denied. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.

■　(A) THE PEOPLE OF THE STATE OF NEW YORK v. MARVIN JENKINS. (B) THE PEOPLE OF THE STATE OF NEW YORK v. HARRISON TARVER. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ. (C) THE PEOPLE OF THE STATE OF NEW YORK v. JOHN DE FINI. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.— [In each action] Motion for leave to appeal as a poor person granted to the extent and on the terms and conditions contained in the order of this court filed herein.

■　THE PEOPLE OF THE STATE OF NEW YORK v. WALLACE BOOKER.— Motion for leave to appeal as a poor person granted to the extent and on the terms and conditions contained in the order of this court entered herein. Motion for leave to appeal as a poor person denied as academic in view of the disposition on motion decided herein. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.